UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x
M. CLAUDIA GAROFALO,                    :
                                        :     CASE NO.:
            Plaintiff,                  :
vs.                                     :     Judge:
                                        :
FRENCH TRUCK, LLC                       :     Magistrate:
                                        :
                                        :
            Defendant.                  :
-------------------------------------------------------x

## COMPLAINT

Plaintiff, M. CLAUDIA GAROFALO, by and through her undersigned counsel, hereby files this Complaint and sues FRENCH TRUCK, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, M. CLAUDIA GAROFALO, (hereinafter referred to as "MS. GAROFALO"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MS. GAROFALO resides in Orleans Parish on Adams Street, New Orleans, Louisiana 70118.

6. MS. GAROFALO is a qualified individual with a disability under the ADA and the LCHR. MS. GAROFALO is a paraplegic due to a spinal cord injury.

7. Due to her disability, MS. GAROFALO is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, FRENCH TRUCK, LLC, a Louisiana limited liability company, is the owner and operator of the business located at: 7638 Maple Street, Suite A, New Orleans, LA 70118.

9. Upon information and belief, the Property is a French Truck Coffee location which sells food and drinks.

10. MS. GAROFALO has visited the Property to eat and drink

11. DEFENDANT is obligated to comply with the ADA and the LCHR.

12. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13. MS. GAROFALO realleges and reavers Paragraphs above as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located

at: 7638 Maple Street, Suite A, New Orleans, Louisiana 70118.

15. Upon information and belief, MS. GAROFALO has visited the Property and desires to visit the Property again in the future.

16. Upon information and belief, MS. GAROFALO'S most recent visit to the Property prior to filing this original Complaint was on July 12, 2025.

17. During this visit, MS. GAROFALO could not get into the Property because there were two steps up at the entrance.

18. MS. GAROFALO's companion who was with her during the visit spoke to a male employee about whether there was a ramp MS. GAROFALO could use to enter. The employee advised that there was no ramp to enter.

19. MS. GAROFALO continues to desire to visit the Property but will continue to experience serious difficulty due to the steps at the entrance of the Property, which are still the case.

20. MS. GAROFALO lives within a close geographic proximity of the Property. MS. GAROFALO's house is less than a half mile from the Property.

21. MS. GAROFALO plans on returning to the Property to eat and drink there.

22. MS. GAROFALO intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subject of this action.

23. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and are discriminating against MS. GAROFALO due to, but not limited to, the following violations which exist at the Property:

  I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

  A. There are steps at the entrance and no ramp to allow a wheelchair to enter the Property;

  B. The outdoor seating area lacks an accessible table; and

  C. Other mobility-related ADA barriers to be identified following a complete inspection.

24. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

26. Upon information and belief, removal of the barriers to access located on the Property would provide MS. GAROFALO with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

27. MS. GAROFALO has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. GAROFALO is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

28. MS. GAROFALO repeats and realleges all preceding paragraphs in support of this claim.

29. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANT.

30. At all times relevant to this action, MS. GAROFALO has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

31. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

32. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

33. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

34. DEFENDANT discriminated against MS. GAROFALO, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at

the Property due to many of the architectural barriers discussed in Paragraph 28 of this Complaint.

35. MS. GAROFALO deems herself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

36. MS. GAROFALO is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, La. Rev. Stat. Ann. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. GAROFALO demands judgment against DEFENDANT, and requests the following injunctive, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. GAROFALO pursuant to La. Rev. Stat. Ann. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. GAROFALO pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

        Respectfully Submitted,

        **BIZER & DeREUS, LLC**
        *Attorneys for Plaintiff*

        /s/ Andrew D. Bizer
        ANDREW D. BIZER (LA # 30396)
        GARRET S. DeREUS (LA # 35105)
        EVA M. KALIKOFF (LA # 39932)
        3319 St. Claude Ave.
        New Orleans, LA 70117
        T: 504-619-9999; F: 504-948-9996
        Email: andrew@bizerlaw.com
               gdereus@bizerlaw.com
               eva@bizerlaw.com